SENECA CAMERA MFG. CO. v. GUNDLACH–MANHATTAN OPTICAL CO.

(District Court, W. D. New York.   September 6, 1916.)

1. PATENTS ⬅➡174—CLAIMS—CONSTRUCTION.

The inventor of a new and useful device, simpler, cheaper, and more efficient than any previous device in that art, is entitled to have the claims of his patent interpreted so as to afford protection from infringement by colorable alterations or mere changes in form, which do not operate differently, or achieve a different result.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 249; Dec. Dig. ⬅➡174.]

2. PATENTS ⬅➡234—INFRINGEMENT—WHAT CONSTITUTES.

The Goddard patent, No. 801,078, for a clamping device for lens fronts for cameras, being a combination, with a lens front having an extension provided with slots, of a clamping device adapted to clamp and hold the lens front in adjusted position on the runway or guide of the camera bed, *held* infringed by defendant's device, manufactured under the Miller patent, No. 1.042.023, which was a mere colorable alteration of complainant's device, using the same principles to achieve the same result.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 370, 381; Dec. Dig. ⬅➡234.]

In Equity.   Bill by the Seneca Camera Manufacturing Company against the Gundlach-Manhattan Optical Company.   Decree for complainant.

Havens & Havens, of Rochester, N. Y. (James L. Norris, Clarence A. Bateman, and John S. Powers, all of Washington, D. C., of counsel), for complainant.

Frank Keiper, of Rochester, N. Y., for defendant.

HAZEL, District Judge.   This is an action for infringement of letters patent No. 801,078, dated October 3, 1905, and granted to Joseph Goddard, for a clamping device for lens fronts for cameras, and the principal defense is noninfringement.   The patent has three claims, but claim 1 only is in issue.   It reads as follows:

"1. In a camera, the combination with a lens front having an extension provided with slots, of a clamping device adapted to clamp and hold the lens front in adjusted position upon the runway or guide of the camera bed, said clamping device comprising a pair of clamping fingers fulcrumed in the slots of the extension of the lens front and having hooklike portions adapted to engage the runway or guide, and lever or grasping portions exposed for manipulation, and a spring interposed between said clamping fingers and adapted automatically to cause the hooklike engaging portions of said fingers to engage the runway or guide."

The claim is fairly descriptive of the invention; the various elements being combined to coact and co-operate to achieve the desired result.

[1, 2] Although the patentee has not made a generic invention, he has, nevertheless, as shown by the record, made a distinct improve-

ment upon lens fronts for cameras by making them adjustable toward or away from the plate or film, thereby securing greater accuracy in focusing, and making it possible to retain them in the proper plane while pictures are being taken. The patentee has invented, as stated in the specification, a simple, economical, and efficient clamping device—simpler, cheaper, and more efficient, I think, than the clamping devices for camera lens fronts of the prior art. The claim is therefore entitled to an interpretation of such fair scope as will protect it from infringement by colorable alterations, or from change of form which does not operate differently or achieve a different result.

But the defendant insists that the characteristic feature of the invention is the spring lever arranged above the base plate 5 (see specification and drawings) and interposed between the finger portions 10, and it is argued that the patent is limited to a lever placed above the spring of the base plates to enable the bent portions of the levers to draw the base down on the runway, guide, or track from below, using the outer walls of the slot 6 as fulcrums, and using the inner walls as fulcrums when the lever 10 is pressed against the spring; that, as defendant in its construction does not use long, narrow, openings or slots of the kind which permit play to the levers, and as the particular openings in its base plate are incapable of functioning in the same way as in complainant's patent, infringement is avoided. But I think this would be viewing the invention too narrowly. The new results achieved by the patentee herein were due, not only to the interposition of the spring between the levers, but to the combination of the clamping means with the lens front and their coaction with the runway or guide. The parallel slots, the clamping fingers, and the spring interposed between them comprise, I think, the principal features of complainant's invention. By their adaptation, as described in the specification, the clamping levers were fulcrumed in the slots, and the grasping lever firmly positioned above the lens front extension while the runway or guide engaged the clamping portion, and thus under the spring action between the levers the latter was caused to grip and release the runway for sliding or moving the lens front forward or backward to any desired position and holding it there firmly, without its being in any way tilted or put out of the focal plane.

None of the prior patents to Gibbs, Brownell, Hutchings or Case discloses or even suggests a combination or arrangement of elements for attaining the result in question. The various elements were old, perhaps, one or more being found in different prior camera structures or other devices; but in none are contained the combination and arrangement of parts in suit. We are concerned here with a combination producing a novel and useful result, as distinguished from a mere assemblage of old elements functioning separately, and without achieving a result that is attainable only by combined action and operation. It is therefore entirely immaterial that one or more, or even all, of the elements of complainant's patent were known or separately used in connection with other lens fronts.

The claim in controversy is no doubt embodied in defendant's construction, which has a lens front with an extension provided with openings or slots, a clamping device for clamping the track or guide and holding the lens in adjusted position upon it. The clamping device is provided with clamping fingers, is fulcrumed midway of its length in openings or slots, and has a hooklike portion below the extension for engaging the runway or guide, while the grasping lever, as in complainant's patent, extends upward above the extension for moving the lens front forward or backward on the runway. Moreover, in defendant's adaption there is a spring positioned between the clamping device, which is arranged automatically to cause the hooklike portion 8 (see specification, Miller patent) of the clamping fingers to engage the edges of the runway for holding the lens front in the adjusted position.

There was much discussion as to whether the spring of defendant's device was interposed between the clamping fingers, and whether the base extension was provided with slots within the proper meaning of those terms; but I think the claim in controversy should not be construed so illiberally as to enable the defendant to avoid the patent by merely reversing the arrangement of the spring, or by placing it under the base plate, instead of interposing a U-shaped spring between the clamping fingers and above the base plates, as in complainant's patent, nor by cutting a rectangular or square portion out of the base plate or forward extension of the lens in lieu of the narrow parallel slots, or by making the forward extension of the plate in two pieces, instead of in one piece. While the narrow slots of the Goddard patent function to fulcrum the clamping fingers, they also serve the purpose of holding them firmly in position, thus performing the double function of clamping the lens front to the guide or runway and maintaining it in true alignment with the focal plane. Although defendant's construction is somewhat different, it nevertheless contains all the essential elements of the combination in suit, coacting and operating in substantially the same way as in complainant's, and achieving the same result. Infringement is not avoided by arranging a central plate on the base plate extension, for then the clamping fingers are, in my judgment, fulcrumed in slots or openings, and are caused to perform the functions of the clamping fingers of the Goddard patent in suit.

Defendant attaches importance to the grant of Miller patent, No. 1,042,023, in evidence, under which its lens fronts are manufactured; but, assuming such patent valid for certain specific features, it must nevertheless be considered as subordinate to complainant's patent in suit, and is therefore immaterial on the question of infringement. Ryder v. Schlichter, 126 Fed. 487, 61 C. C. A. 469; Herman v. Youngstown Car Mfg. Co., 191 Fed. 579, 112 C. C. A. 185.

Claim 1, under consideration, is held valid and infringed by the lens fronts made and sold by the defendant company. A decree for infringement and an accounting may be entered, with costs.