## WILLIAMS et al. v. KAUFMANN.

(Circuit Court of Appeals, Ninth Circuit. August 4, 1919.)

### No. 3280.

PATENTS ☞328—VALIDITY AND INFRINGEMENT—AUTOMOBILE SPOTLIGHT.

The Kaufmann patent, No. 1,235,809, for an electric lamp fixture especially for use in automobile spotlights, *held* not anticipated, and to cover a true combination, which involved invention; also *held* infringed.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Oscar A. Trippet, Judge.

Suit by Charles F. L. Kaufmann, as prochein ami for Walter L. Kaufmann, against Albert C. Williams and Ralph E. Williams, doing

business under the firm name of Williams Manufacturing Company. Decree for complainant, and defendants appeal. Affirmed.

Westall & Wallace, of Los Angeles, Cal., for appellants.

Frederick .S. Lyon and Leonard S. Lyon, both of Los Angeles, Cal., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. This appeal is from an interlocutory decree adjudging letters patent No. 1,235,809, to W. L. Kaufmann (August 7, 1917), valid, and that appellants infringed upon the single claim of the patent.

The defenses are want of invention and noninfringement. The patent pertains to electric lamp fixtures especially for use in automobile spotlights. The claim is as follows:

"A device of the character described, embodying a supporting bracket having a sleeve, a reflector connected detachably with one end of said sleeve, a tube slidable through said sleeve and projectable into said reflector, a lamp within the reflector having a plug fitted within the corresponding end of said tube, the tube having a slot at its other end, a plug of insulating material fitted in the last mentioned end of the tube and having a lug movable in the said slot for holding the second mentioned plug in place, means within the tube for connecting said plugs electrically, conductors connected to the second mentioned plug, and a cap fitted upon the second mentioned end of the tube and covering the slot therein, the cap having a central aperture through which said conductors extend and having a contracted portion adjacent to said apertures threadedly receiving the second mentioned plug, said cap serving as a handle for manipulating the second mentioned plug and said tube."

The appellants state the principal question to be whether or not the claim sued on is valid in view of the prior art, and argue that the claim comprises no true combination, but only an aggregation of mechanical means and expedients well known and long used in the art.

The Kaufmann lamp includes a bracket member adapted to be horizontally rotated. This bracket member carries at its upper end a horizontal sleeve, and upon the fore end of the sleeve there is a lamp reflector, which is detachably connected. The sleeve receives a tube member, and in turn the tube member receives at one end a globe and at the other end a switch plug. The tube slides in the sleeve, and the globe may be adjusted axially within the lamp reflector to focus the beam of light. Over the switch plug, at the opposite end of the tube, a cap member is fitted. Electrical connecting means extend through the tube between the globe and the switch plug. The switch plug carries a lug adapted to fit in a bayonet slot formed in the tube, and by turning the cap member the switch can be turned to make or break the electrical circuit supplying the current to the globe. The lamp includes a cover for the bayonet slot; the covering of the bayonet slot being one of the novel and valuable features provided by the Kaufmann lamp. In the Kaufmann lamp the cap constitutes the means for operating the switch plug to turn off or on the light, acts as a grip for the operator who desires to revolve the lamp, and

is the thing grasped by the operator to slide the tube within the sleeve to adjust the focus of the lamp. A drawing of the patent is annexed hereto.

In the specifications of the Kaufmann patent the inventor, after describing the cap as fitting slidably upon the outer end portion of the tube to cover the slots and lugs, says:

"The cap 23 has a central restricted aperture 25 through which the cord 19 extends. The cap 23 is constructed of brass or other suitable metal, and provides a handle for manipulating the plug 18 and also covers the slots 22. The cap 23 also provides a handle for sliding the tube 8 in the sleeve 2, whereby the lamp 14 can be focused within the reflector 5, or adjusted axially of the reflector."

The advantage of this mode of operation is evidently in the fact that the operator need only perform the single act of taking hold of the cap when he desires to operate the lamp. This mode of operation appears to be novel; but one move of the operator's arm is required. Compactness is also obtained.

In the prior art spotlights had certain elements exposed in such a way that the action of the lamp was subject to interference by dust or rain. Kaufmann arranged the elements of a spotlight so that all of the elements were protected, and it was novelty in combination with other features of his lamp to cover the slot. In using the cap of the switch plug as a means of adjusting the focus of the lamp, and in making the cap of the spotlight the control feature for turning

the lamp, adjusting the focus, and rotating the lamp, Kaufmann departs from the mode of operation of the lamps of the prior art.

Appellants refer to the Knauff patent, No. 1,021,195 (March 26, 1912), wherein there is a socket for an electric lamp. But there is shown in the patent merely a switch plug provided with a lug to be received in a bayonet slot similar to the plug, lug, and slot of the Kaufmann spotlight. Knauff, however, does not disclose how to combine the elements with the other elements of the Kaufmann lamp to form a spotlight similar to Kaufmann's.

In the Christian patent, No. 1,054,746 (March 4, 1913), for an improvement in a lamp socket, the device shown contains no bracket, no reflector detachably connected with a sleeve, no cap fitted upon a tube, and no switch element of any kind. It has the admittedly old elements of a bayonet connection and a form of electrical connection.

The Mazzeo patent, No. 1,088,830 (March 20, 1913), has closer relation to Kaufmann's patent than any introduced. Mazzeo invented an improvement in a lamp particularly designed for use as an automobile headlight. Mazzeo shows a complete housing for his lamp, which would make it very difficult for use as a spotlight. He did not arrange the switch member on the lamp, nor did he have a handle to turn the lamp, nor a cap for sliding the tube to adjust the lamp focus, as arranged in the Kaufmann patent. There is no cap which may be grasped to do the threefold function of switching on and off the current, revolving the lamp itself, and focusing the globe. But fundamentally the difference between the Mazzeo and Kaufmann patents lies in the housing of the Mazzeo lamp in such a way that it could not be used as a spotlight. Mazzeo never had the idea of having an uncovered means conveniently at the operator's hand for sliding the tube to adjust the focus of the globe, for the drawings show that the tube of the Mazzeo lamp is held rigidly in one place by the screw 8 of the lamp, and that the screw must be set before the housing reflector is positioned. Kaufmann has so interrelated the elements that the focus member is exposed and ready for operation. Robinson on Patents, vol. 1, § 291. The device is a commercial success and is in extensive use.

We do not think it necessary to refer specifically to other patents introduced to show the prior art, as none shows the combination of Kaufmann.

It is contended that the metal part of the plug on one of the exhibits (No. 3, alleged infringing lamp) is not the equivalent of a cap, because it does not perform the principal function of the cap, and it does not constitute substantially the same means, nor operate in substantially the same manner. But an examination of the devices in evidence and the drawings discloses that the plug of the Kaufmann patent and the plug of Exhibit 3 are identical. The plugs in the respective devices perform the same function and operate in the same manner. Each carries a lug to operate in the bayonet slot of the respective sleeves, and each is received within the sleeve. Each has a threaded portion upon which the metal cap is mounted, and each constitutes the switch for making and breaking the electrical current for the lamp. It is true that the cap in Exhibit 3 does not cover the

slot, as does the cap of the Kaufmann device; but the spotlight of Exhibit 3, the defendant's lamp, operates in exactly the same manner as does the spotlight of the Kaufmann patent, the cap in the defendant's device merely having a reduced portion for receiving the threaded plug. The shank of the cap in the Kaufmann lamp extends over the sleeve to cover the bayonet slot, while appellants have extended the sleeve to cover the bayonet slot; but this variation is an insignificant mechanical change without varying the mode of operation with relation to the elements of the Kaufmann lamp.

The advantages and benefits of Kaufmann's invention all appear to have been taken by defendants in their lamp. Seneca Camera Mfg. Co. v. Gundlach-Manhattan Optical Co. (D. C.) 236 Fed. 141; Simplex Window Co. v. Hauser Reversible Window Co., 248 Fed. 919, 161 C. C. A. 37. While it is true that the elements of the Kaufmann combination were old in the art, it is none the less true that the combination shows a unitary structure entitled to be protected as invention, and appellants cannot avoid infringement by transferring from the cap of the Kaufmann spotlight to the sleeve thereof the function of covering the bayonet slot. There is no omission of an element of the combination, but rather a mere formal change, upon which is founded the contention that the literal words of the claim are avoided.

There is no serious denial by the appellants that the spotlight, Exhibit 1, introduced in evidence, infringes the Kaufmann claim: and we hold that the District Court was correct in the conclusion that Exhibit 3 is also an infringement of the Kaufmann claim.

As the record shows that Exhibit 3 was sold by the appellants on February 26, 1918, which was prior to the time of the trial of the cause before the District Court, and also that there was a sale between August 7 and September 6, 1917, a prima facie case was established, and the decree correctly enjoined appellants from continuing to manufacture or sell spotlights of the types of Complainants' Exhibits 1 and 3.

Affirmed.